IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID L. SHAW, #689847 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv443 |
| KAREN NORMAN, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff David L. Shaw, a prisoner previously confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on September 17, 2007. The Plaintiff complained about the destruction of his property, including legal and religious property. He also complained about Chaplain Kiser removing him from the Ramadan list. On April 4, 2008, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Coordinator Chip Satterwhite and

Warden Sloan were present during the hearing in the event the Court wanted testimony about information contained in the Plaintiff's records or practices in the prison system.

The Plaintiff testified that Officer Black inventoried his property on January 2, 2006. She did not confiscate any of his property. On June 29, 2006, Officers Karen Norman and Sherri Milligan confiscated significant portions of his property during another search. They took his legal papers. They took religious items, including his Koran, prayer rug and beads. He testified that they confiscated pictures of his family, including members of his family who had recently died. The property was subsequently destroyed. He noted that the pictures were the only items he had left to remind him of his family. His only comfort in prison is his religion, and his religious items were taken. He testified that he could not say his prayers without his prayer rug and beads. Chaplain Kiser also removed him from the Ramadan list. All of this made him depressed and lose focus. He was sent to a psychiatric unit for 45 days and eventually transferred to the Clements Unit.

The Plaintiff testified that he has a thirty year sentence and has been confined for 15 years. He stated that he was harmed by the confiscation of his legal property in that he was unable to challenge his conviction. He had filed a petition for a writ of habeas corpus in federal court, which was denied. He wanted to file an appeal, but was unable to do so.

The Plaintiff testified that Property Officers Karen Norman and Sherri Milligan were the ones who actually confiscated his property. At the time of the search, he was the last person to show up with his property. He noted that he had collected a lot of property over 15 years. Norman and Milligan became angry at him for being slow, thus they just took his property. An inmate at the Bill Clements Unit gave him another copy of the Koran, but he had to go without it for about four months.

Warden Sloan testified under oath that Muslim inmates are normally permitted to have a copy of the Koran and a prayer rug.

### Discussion and Analysis

The first issue for the Court's consideration is the confiscation of the Plaintiff's property. A state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional conduct); *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981) (negligent conduct); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). The Texas court system provides an adequate postdeprivation remedy for the taking of any property. *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir 1986). Moreover, the Texas state administrative and judicial systems provide an adequate state post-deprivation remedy for property taken from prisoners. *See* Tex. Gov. Code § 501.007. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983); *Loftin v. Thomas*, 681 F.2d 364, 365 (5th Cir. 1982). Because Texas has adequate post-deprivation remedies, a prisoner does not have a basis for a § 1983 claim for the confiscation of his property. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The Plaintiff's claims that focus solely on the confiscation of his property fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Such claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court sympathizes with the Plaintiff over the confiscation and destruction of the pictures of his family, but claims about the loss of such property must be presented in state court, as opposed to federal court.

On the other hand, the confiscation and destruction of specific types of property may give rise to potentially meritorious civil rights claims. For example, the destruction of his legal property may provide a basis for a meritorious denial of access to court claim. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). The Supreme Court has held that the right of meaningful access to court imposes a duty on prison officials to provide indigent inmates with either an adequate law library or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. at 828. The Texas prison system provides both attorneys and law libraries. The parameters of the prison system's access to court plan has been defined in conjunction with the *Ruiz* litigation.

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *See also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.*

The Plaintiff testified that he wanted to challenge his conviction, and he wanted to file an appeal from the denial of his federal petition for a writ of habeas corpus. The problem here is that

the Plaintiff has not identified claims with arguable merit that he wanted to bring in a petition for a writ of habeas corpus. Moreover, he testified that he has served 15 years of a 30 year sentence. Such testimony makes it probable that any petition for a writ of habeas corpus filed by him in recent years would be barred by the one year statute of limitations. The records of the Eastern District of Texas reveal that, in 2002, the Plaintiff filed a petition for a writ of habeas corpus challenging his conviction in Civil Action No. 1:02cv336. He challenged his 1994 conviction for aggravated possession of a controlled substance. On August 14, 2002, United States District Judge Thad Heartfield dismissed the petition as time-barred. The Fifth Circuit dismissed his appeal on October 24, 2002. By the time of the search in this case in 2006, the deadlines for him to file a petition for a writ of certiorari from the Fifth Circuit's decision or to file any other challenges to his conviction in federal court had expired. The Petitioner has not shown any harm from the confiscation and destruction of his legal materials, and the Court does not see how he could satisfy this requirement. Consequently, any potential denial of access to court claim he may have fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The denial of access to court claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The final possible claim raised by the facts of this case concerns the denial of the Plaintiff's religious rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Plaintiff has alleged facts supporting an inference that Property Officers Norman and Milligan substantially burdened his religious exercise by taking and destroying his religious property, while Chaplain Kiser substantially burdened his religious exercise by removing his name from a list of inmates that observed Ramadan. *See* 42 U.S.C. § 2000cc-1. It is noted that a contributing factor in Congress passing RLUIPA was a concern that prison officials frequently

treated the Koran and other religious items in contempt and confiscated such items from inmates. *Cutter v. Wilkinson*, 544 U.S. 709, 717 n.5 (2005).  Since the Plaintiff has shown that the Defendants substantially burdened the exercise of his religious beliefs, the Defendants must show that their actions furthered "a compelling governmental interest" and did so by "the least restrictive means." *Id.* at 715.  Defendants Norman, Milligan and Kiser should be ordered to respond to the Plaintiff's claims and explain whether their actions furthered a compelling governmental interest and did so by the least restrictive means.  It is accordingly

**ORDERED** that the Plaintiff may proceed with his First Amendment and RLUIPA claims against Karen Norman, Sherri Milligan and Chaplain Kiser.  It is further

**ORDERED** that the Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**So ORDERED and SIGNED this 28th day of April, 2008.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE